# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**RICARDO BRYAN NEWSOME,**                                         **PLAINTIFF**
**# 123359**

v.                                                            **CIVIL NO. 1:18cv178-HSO-RHW**

**STATE OF MISSISSIPPI, et al.**                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court sua sponte. Pro se Plaintiff Ricardo Bryan Newsome is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he brings this action pursuant to 42 U.S.C. §§ 1983 and 1985, challenging his arrest, conviction, sentence, and conditions of confinement. For the reasons set forth below, this case will be dismissed.

## I. BACKGROUND

On February 22, 2018, Newsome was convicted of burglary in the Circuit Court of Harrison County, Mississippi, and was sentenced to serve a twenty-five year term of imprisonment in the custody of MDOC. Pl.'s Resp. Ex. [12-1] at 4. Newsome was transferred to MDOC on April 3, 2018. Compl. [1] at 5. In this lawsuit, Newsome has named twenty-eight Defendants who are various actors alleged to have been involved in Newsome's arrest, detention, and conviction: the State of Mississippi; the Harrison County Adult Detention Center; the Circuit Court of Harrison County; the Gulfport, Mississippi, Police Department; state prosecutors; the grand jury foreperson; judges; the criminal defense team; police officers; the Circuit Court Clerk; trial witnesses; and county correctional officers. *Id.* at 2-3, 14-

15.

Newsome claims he was arrested by the Gulfport Police Department on January 9, 2017, *id.* at 5, but that Defendant Judge Brandon Ladner had not signed the arrest warrant, *id.* at 19. Newsome faults Defendants Detective Jerry Birmingham and Sergeant Wayne Payne for arresting him without a signed warrant or without probable cause, *id.* at 23-24, and Birmingham allegedly did not read Newsome his rights or question him, *id.* at 23. Newsome contends Birmingham also did not have witnesses sign their statements and falsified those statements in his investigative report "to accommodate his action or action[s] done in court." *Id.* at 18. Newsome maintains that Defendant Lieutenant Matt Thomas approved Birmingham's report, *id.* at 19, and that the Gulfport Police Department is vicariously liable for the actions of its employees, *id.* at 21.

Newsome next accuses the State and the Circuit Court of convicting him in violation of due process. *Id.* at 5-6, 16. First, Newsome asserts that Defendants District Attorney Joel Smith, Grand Jury Foreperson Kim Reinike, and Circuit Court Clerk Connie Ladner improperly indicted him because the indictment was filed outside the grand jury's term. *Id.* at 16-18. Newsome contends that Detective Birmingham "[a]lso sign[ed] off on improper indictment." *Id.* at 18. It is not clear if Birmingham is accused of presenting the alleged falsified statements to the grand jury or to the trial jury. *Id.* Next, Newsome claims the trial jury was biased because some jurors had served on other criminal cases when the "D.A. office

2

wanted guilty verdicts." *Id.* at 21. Newsome further alleges that Defendant Assistant District Attorney Christopher D. Carter spoke with Defendant witnesses Richard Allen Tobey, Terry Tolar, Jasmine Sales, and Wiberth Cardona and either "cohersed [sic]," or conspired with them to provide false trial testimony. *Id.* at 17-19.

Newsome next alleges that Defendant Judges Melvin Ray and Louise Ladner failed to correct alleged discovery violations and that Judge Ladner was aware "the date on initial appearance was change[d] and she failed to correct it." *Id.* at 20, 24. The actual trial judge, Defendant Judge Roger Clark, is accused of allowing misconduct by Plaintiff's criminal trial counsel, preventing "group voir dire" (which allegedly prohibited the selection of an impartial jury), and issuing an illegal sentence. *Id.* at 17. Newsome claims the Circuit Court had no personal jurisdiction over him, rendering his conviction and sentence void, *id.* at 21, and that the allegedly void conviction and sentence rendered his detention in the County Detention Center illegal, *id.*

Newsome also accuses employees of the Public Defender's office of causing his alleged illegal conviction. Specifically, Newsome alleges that Defendant attorney Geoffery Germany represented him at the preliminary hearing and failed to object to the indictment, *id.* at 20, and that his criminal trial attorney, Defendant Theressia A. Lyons, conspired with Carter to admit evidence of prior bad acts, *id.* at 17. Lyons is also accused of revealing privileged information to Detective

3

Birmingham, which Newsome maintains prevented him from taking the witness stand in his own defense.  *Id.* at 18.  Lyons also purportedly failed to object to the dismissal of a prospective juror, to the prosecutor's alleged insult about Newsome, and to the lack of group voir dire.  *Id.* at 18, 20.  Finally, Lyons is accused of implicating Newsome's guilt in a post-judgment motion.  *Id.* at 18.

Defendant defense counsel Lisa Collins, who is said to have co-chaired at trial, allegedly witnessed Lyons's supposed inadequacies but did not correct them, and also failed to object to the absence of group voir dire.  *Id.* at 18, 20.  Newsome further claims that Defendant Damon Reese, the investigator for the Public Defender's office, was made aware of the alleged discovery violations, the unsigned arrest warrant and witness statements, the false investigation report, and the improper indictment but failed to report them.  *Id.* at 23.  Defendant Public Defender Glenn Rishel allegedly filed discovery motions on Newsome's behalf, even though Rishel was not appointed to represent Newsome.  *Id.* at 18.  Newsome claims some of the discovery was tampered with, and he cannot exclude Rishel as the culprit "pending investigation."  *Id.*

Aside from Newsome's conviction, the Complaint also challenges the conditions of his confinement, claiming his mail was censored and he was denied access to the courts by the Detention Center and Defendants Sergeant Richards and Officer Nebbles, its employees.  *Id.* at 16, 19.

Finally, Defendants police officer Kyle Luber and prosecutor Herman Cox

4

purportedly "decided to engage in misconduct that posed pervasive and unreasonable risk of constitutional violation and injury to" Newsome, because they did not prevent the misconduct of others. *Id.* at 20, 25. Cox is accused of not correcting the prosecutors' alleged violations. *Id.* at 25.

Plaintiff initiated this civil action on May 24, 2018, specifically invoking 42 U.S.C. §§ 1983 and 1985. On July 11, 2018, Newsome moved to voluntarily dismiss Judges Ray, Brandon Ladner and Louise Ladner; Officer Luber; and his claims related to his mail and denial of access to courts. Pl.'s Resp. [12] at 2. Plaintiff seeks release and "any relief this honorable Court deems necessary." Compl. [1] at 6.

## II. DISCUSSION

A. The Prison Litigation Reform Act

The Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. § 1915, applies to prisoners proceeding *in forma pauperis* in this Court. The PLRA provides in part that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."

5

*Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quotation omitted).

In an action proceeding under § 1915, courts may "evaluate the merit of the claim sua sponte." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* So long as the inmate "has already pleaded his 'best case'" and his "insufficient factual allegations [cannot] be remedied by more specific pleading," the Court may dismiss the action sua sponte. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (quoting *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir.1994)). Because the Court has permitted Newsome to proceed *in forma pauperis*, this case is subject to the provisions allowing for sua sponte dismissal under § 1915.

Newsome brings this action under §§ 1983 and 1985, challenging his arrest, conviction and sentence. He has voluntarily dismissed his mail and denial of access claims and his claims against Judge Melvin Ray, Judge Brandon Ladner, Judge Louise Ladner, and Officer Luber. Newsome's mail and denial of access claims, and his claims against Defendants Judge Melvin Ray, Judge Brandon Ladner, Judge Louise Ladner, and Officer Luber will therefore be dismissed without prejudice. What remains are Newsome's claim for illegal arrest and his challenges to his conviction and sentence.

B.   <u>Newsome's illegal arrest claim</u>

Newsome first sues the Detention Center, Police Department, Detective

6

Birmingham, Lieutenant Thomas, and Sergeant Payne for an allegedly false arrest.

    1.    Detention Center and Police Department

The capacities of a jail and police department to be sued are determined according to Mississippi law. Fed. R. Civ. P. 17(b)(3). Under Mississippi law, neither is a separate legal entity which may be sued. Rather, the jail is an extension of the county, and the police department is an extension of the city. Miss. Code Ann. § 21-17-1(1) (municipalities are distinct legal entities); Miss. Code Ann. § 21-21-1, et seq. (municipalities may create and fund police departments); *Tuesno v. Jackson*, No. 5:08cv302-DCB-JMR, 2009 U.S. Dist. LEXIS 61416 at *2-3 (S.D. Miss. Apr. 30, 2009); *see also Brown v. Thompson*, 927 So. 2d 733, 737 (¶12) (Miss. 2006) (sheriff's department).

The foregoing concept was explained to Newsome in the Order Amending Docket and Requiring Plaintiff to Respond [7], entered on June 28, 2018. Order Amending Docket & Requiring Pl. to Respond [7] at 2. In that Order, the Court allowed Newsome the opportunity to add Harrison County and the City of Gulfport as Defendants, as well as to state any claims he may have against them. *Id.* Plaintiff declined. Pl.'s Resp. [12] at 1. Therefore, the Harrison County Adult Detention Center and Gulfport Police Department are not proper parties and should be dismissed.

    2.    Gulfport Police Officers

Newsome alleges that Detective Birmingham and Sergeant Payne arrested

him without a valid warrant or probable cause. Newsome contends Birmingham falsified witness statements in his investigative report in order "to accommodate his action or action[s] done in court. . . . Also sign [sic] off on improper indictment." Compl. [1] at 18. Newsome maintains Lieutenant Thomas approved Birmingham's report.

Plaintiff admits he was subsequently indicted, but it is not clear if he is claiming that Birmingham tainted the indictment. "[I]f facts supporting an arrest are placed before an independent intermediary such as a . . . grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Taylor v. Gregg*, 36 F.3d 453, 456-57 (5th Cir. 1994). This only holds true if "all the facts are presented to the grand jury . . . and the malicious motive of the officer does not lead him to withhold any relevant information." *Id.* at 457. In other words, Newsome would have to prove the grand jury's probable cause finding was tainted by the allegedly falsified witness statements. *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017).

The Fifth Circuit Court of Appeals recently examined this issue in a case against a sheriff's deputy who was accused of maliciously making material omissions in an affidavit in order to obtain an arrest warrant without probable cause. *Winfrey v. Rogers*, 882 F.3d 187, 192 (5th Cir. 2018). In that case, the plaintiff was acquitted following a jury trial. *Id.* at 194. The *Winfrey* court held there was no probable cause to arrest the plaintiff. *Id.* at 199-200. The deputy

8

argued that he was not liable for false arrest because a grand jury had subsequently indicted the plaintiff. *Id.* at 200. Because the record showed that "the only information before a grand jury was the information in [the deputy's] affidavit" in support of the warrant, the indictment did not break the causal chain between the faulty arrest warrant and the plaintiff's incarceration. *Id.* at 200-01.

If Newsome is not asserting that the grand jury's decision was tainted by the allegedly false witness statements, then his illegal arrest claim is barred by the independent intermediary doctrine. This is because his indictment would break the chain between the initial false arrest and his incarceration, and such a false arrest claim would be frivolous.

If, however, Newsome is claiming that the indictment was tainted by Birmingham's allegedly false report, his case faces yet another hurdle. A civil action that challenges the fact or duration of a state conviction or sentence "is barred (absent prior invalidation) . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). In such a case, a "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). If success on the claim "will not necessarily imply the invalidity of confinement or shorten its

9

duration," then the action may proceed.  *Wilkinson*, 544 U.S. at 82.

To the extent Newsome is claiming that the indictment was returned based upon false information, success on such a claim would necessarily invalidate his state conviction.  *Perez v. United States*, 481 F. App'x 203, 207 (5th Cir. Jul. 19, 2012).  Newsome would have shown that his indictment was defective and was obtained by fraud.  *Id.*  Therefore, Newsome may only proceed if he proves his conviction has already been invalidated.  Newsome admits that the burglary conviction still stands.  Pl.'s Mot. to Dismiss [9] at 1 (asking this Court to reverse conviction).

Because his state conviction has not been invalidated, Newsome is precluded by *Heck* from challenging it in this civil action at this time.  Plaintiff's illegal or false arrest claim will be dismissed with prejudice for failure to state a claim, until such time as he has this conviction invalidated via appeal, post-conviction relief, habeas corpus relief, or otherwise.  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

C.    Newsome's illegal conviction and sentence claims

Newsome accuses the State, the trial court, prosecutors, the grand jury foreperson, Circuit Judge Clark, defense counsel and investigator, Public Defender Rishel, Detective Birmingham, state court clerk, trial witnesses, and Lieutenant Thomas of illegally convicting him.  Newsome contends he was convicted without jurisdiction and based upon a defective indictment, knowingly false evidence,

prosecutorial misconduct, ineffective assistance of counsel, and a biased jury. Newsome additionally claims that he was deprived of the right to testify in his own defense, and that Judge Clark rendered an illegal sentence.

Success on each of these claims would necessarily invalidate Newsome's conviction and sentence. Because Newsome admits his conviction and sentence still stand, these claims are also precluded by *Heck*.

D.  Newsome's claims for habeas relief

Finally, although Newsome specifically proceeds under 42 U.S.C. §§ 1983 and 1985, part of the relief he seeks is release from custody. To the extent Newsome challenges his conviction and sentence and seeks speedier release from incarceration, a claim under § 1983 or § 1985 is not the proper vehicle to do so. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). Rather, Newsome must pursue a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Id*. Before Newsome can pursue his habeas claims in this Court, however, he must exhaust his available state remedies, 28 U.S.C. §2254(b)(1)(A), and provide "the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). In order to exhaust his habeas claims, Newsome is required to seek relief from the highest court of the State. *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). Newsome has not shown that he has exhausted his habeas claims, and the Court declines to sever them. Rather, Newsome's habeas claims will be dismissed

11

without prejudice.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Ricardo Bryan Newsome's claims related to his mail and denial of access to courts and his claims against Defendants Judge Brandon Ladner, Judge Melvin Ray, Judge Louise Ladner, and Kyle Luber are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(a).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff Ricardo Bryan Newsome's remaining false arrest claims against Defendants Harrison County Adult Detention Center, Gulfport Police Department, Jerry Birmingham, Matt Thomas, and Wayne Payne are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim against them upon which relief could be granted.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff Ricardo Bryan Newsome's remaining 42 U.S.C. §§ 1983 and 1985 claims challenging his conviction and sentence are **DISMISSED WITH PREJUDICE** for failure to state a claim until such time as Plaintiff demonstrates that his state conviction and sentence have been invalidated via appeal, post-conviction relief, habeas corpus relief, or otherwise.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff Ricardo Bryan Newsome's habeas corpus claims are **DISMISSED WITHOUT**

**PREJUDICE**. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 15th day of August, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE